UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
BETH SHVARTS, individually and on : Case No.:
behalf of all others similarly situated, :
: Date Filed:
*Plaintiff*, :
: Civil Action
*v.* :
: Class Action Complaint and
IHEARTMEDIA, INC., a Delaware : Demand for Jury Trial
corporation, :
:
*Defendant*. :
:
---------------------------------------------------------------x

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Beth Shvarts brings this Class Action Complaint and Demand for Jury Trial against iHeartMedia, Inc. to stop its practice of making unauthorized text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant iHeartMedia is one of the world's leading media and entertainment companies. According to its website, iHeartMedia consists of two main media businesses: it provides "world-class entertainment for listeners and users" and "a spectrum of multi-platform advertising and marketing opportunities for" advertisers.[1]

---

[1] Corporate: About Us, *iHeartMedia, Inc.*, http://www.iheartmedia.com/Corporate/Pages/About.aspx (last visited May 30, 2015).

2. In an attempt to maximize its advertising revenue, iHeartMedia made (and continues to make) unauthorized commercial telemarketing text message calls to consumers' cellular telephones using an automatic telephone dialing system ("ATDS"). iHeartMedia did not obtain prior express consent from consumers to make such text message calls and, therefore, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. The TCPA was enacted to protect consumers from unauthorized and repeated calls, exactly like those alleged in this case. iHeartMedia made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided iHeartMedia with their prior express consent to receive such commercial telemarketing text message calls.

4. By making the text message calls at issue in this Complaint, iHeartMedia caused Plaintiff and the other members of the Class actual harm, including data usage, device storage usage, payments to their wireless carriers for text message plans, and the aggravation and nuisance that necessarily accompanies the receipt of unauthorized text message calls.

5. In response to iHeartMedia's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring iHeartMedia to cease all unauthorized text messaging activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Beth Shvarts is a natural person and citizen of the State of New York.

7. Defendant iHeartMedia, Inc. is a Delaware corporation with its principal place of business located at 200 East Basse Road, San Antonio, Texas 78209. Defendant iHeartMedia conducts business throughout this District, the State of New York, and the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over iHeartMedia because it conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because iHeartMedia conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. iHeartMedia is not only a media and entertainment company (reaching more than 200 million consumers each month), it's also one of the largest advertising companies in the world.

11. In fact, iHeartMedia earns a majority of its revenue through selling advertisement space.[2] That's because each one of its 200+ million monthly listeners to its radio stations or visitors to its websites provides iHeartMedia with a "captive" audience for its advertising partners.

---

[2] According to Defendant's February 19, 2015 Form 10-K filing, the "primary source of revenue . . . is the sale of commercials on our radio stations for local and national advertising. Our iHeartRadio mobile application and website, our station websites, national live events and Total Traffic & Weather Network also provide additional means for our advertisers to reach consumers . . . . We also generate revenues from . . . other miscellaneous transactions. These other sources of revenue supplement our traditional advertising revenue without increasing on-air commercial time." *See* iHeartMedia, Inc.'s February 19, 2015 Form 10-K, *United States Securities and Exchange Commission*, http://www.sec.gov/Archives/edgar/data/1400891/000140089115000003/10-K.htm (last visited May 30, 2015).

12. One way that iHeartMedia expands the base of consumers reached by its advertising partners is by convincing these consumers to send text message requests to iHeartMedia's stations (*e.g*., to request that certain songs get played on one of its stations). However, when a consumer sends a text message to iHeartMedia, the effect of its text message marketing campaign becomes apparent. That is, once iHeartMedia captures the consumer's telephone number, it uses the opportunity to respond with an Advertising Text Message[3] displaying other company's advertisements.

13. For example, iHeartMedia (through one of its individual radio stations) strongly encourages listeners to send text messages to "55100"—which is an abbreviated telephone number known as an SMS short code operated by iHeartMedia or iHeartMedia's agents—to, among other things, make song requests.

14. However, when a consumer sends a text message to "55100," iHeartMedia captures the incoming cellular telephone number and sends that number an unauthorized Advertising Text Message displaying advertisements from its third-party advertising partners, such as:

> [Currently Airing Show Name]: Thanks for texting the studio! While you're at it play us in the brand new version of Words with Friends! Play NOW: http://bit.ly/15OcDFN

15. When visited from a mobile device, this link (masked using a URL shortening service) opens the device's app store to the download page for "Words with Friends"—a mobile

---

[3] For purposes of this Complaint, "Advertising Text Message" shall refer to any text message containing (1) a hyperlink, masked or otherwise, to a non-Defendant-owned entity's website, or to the location where that entity's products or services can be acquired, when said entity (including its parents, subsidiaries, and/or affiliates) gave Defendant any consideration in exchange for advertising placements; or (2) a reference to the name of any non-Defendant-owned entity or a reference to any non-Defendant-owned entity's products, services, or offerings, when said entity (including its parents, subsidiaries, and/or affiliates) gave Defendant any consideration in exchange for advertising placements.

game operated by an unrelated company called Zynga.

16. The following are additional examples of the content of unsolicited Advertising Text Messages sent to consumers by iHeartMedia (after texting iHeartMedia's short codes):

> KDWB & Sky Zone Indoor Trampoline Park thx U 4 ur txt! Reply 'MORE' if you would like 2 receive info from Sky Zone on bday party packages!
>
> \*         \*         \*
>
> 955: Thx 4 ur txt! Interested n Graphic Design? Videography? Broadcasting? Learn @ Specs Howard School of Media Arts! 2483589000 or Rply "SPECS" to learn mre!
>
> \*         \*         \*
>
> Hot 99.5: Get Xclusive Txt Alerts 4 your cellphone, reply HOT. Hot995.com 4 more. PWD BY Circle K Convenience Stores www.circlekmacs.com

As previewed above, the Advertising Text Messages sent by iHeartMedia advertise products or services offered by unrelated companies.

17. These Advertising Text Messages constitute commercial advertising and telemarketing as contemplated by the TCPA.[4]

18. In addition, third-party advertisers pay a premium to iHeartMedia to be featured

---

[4] Advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 CFR § 64.1200(f)(1). Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 CFR § 64.1200(f)(12).

in these messages (as it guarantees access to real, active, and attentive consumers). iHeartMedia's invitation to send text messages to these short codes essentially serves as a "back door" method to acquire cellular telephone numbers and advertise iHeartMedia's sponsors' products and services.

19. iHeartMedia does not disclose in its invitations to send text messages for song requests, contests, or any other reason that doing so will result in iHeartMedia's transmission of an Advertising Text Message. Likewise, iHeartMedia's websites do not provide any notice of, let alone a mechanism to obtain prior express consent for, the sending Advertising Text Messages. The Advertising Text Messages are not informational, are not related in any way to the request made by Plaintiff or any other Class member (*e.g.*, a song request), and are sent for purely commercial purposes and for the purpose of generating profits for iHeartMedia.

20. iHeartMedia made, or had made on its behalf, the same (or substantially the same) Advertising Text Message calls *en masse* to thousands of cellular telephone numbers.

21. iHeartMedia made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. The system(s) also had the capacity to send text messages to cellular phones without human intervention. The messages sent by iHeartMedia are automated, prewritten, and identical each time they are sent.

22. Accordingly, iHeartMedia was required to obtain prior express written consent before sending the Advertising Text Messages to consumers' cell phones.

23. iHeartMedia is and was aware that it is and was placing unauthorized Advertising Text Message calls to Plaintiff and other consumers without their prior express written consent.

## PLAINTIFF SHVARTS'S EXPERIENCE

24. On May 21, 2015, Plaintiff Shvarts sent a text message to iHeartMedia's short code "55100" in an attempt to enter its "$1,000 Thursday" contest.

25. Within seconds, iHeartMedia sent, and Plaintiff received, an automated Advertising Text Message on her cellular telephone. The "from" field of such transmission was identified as "55100" (from iHeartMedia) and the body of the text message call read:

> ELVIS DURAN SHOW: Thanks for texting the studio! While you're at it play us in the brand new version of Words With Friends! Play NOW: http://bit.ly/15OcDFN[5]

26. This text message call was sent using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. The system(s) also had the capacity to send text messages to cellular phones without human intervention. The messages sent by iHeartMedia are automated, prewritten, and identical each time they are sent.

27. This text message constitutes "advertising" and "telemarketing" under the TCPA.

28. Plaintiff only provided her telephone number to iHeartMedia for purposes of entering a contest. Plaintiff did not provide iHeartMedia with her express written consent for iHeartMedia to send automated Advertising Text Message calls to her cellular telephone.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States: (1) to whom Defendant iHeartMedia, Inc. sent (or had sent on its behalf); (2) an Advertising Text Message; (3) to his or her cellular telephone; (4)

---

[5] This hyperlink directs the call recipient to a download page in their mobile device's "App store" for a game called "Words with Friends."

7

>after October 16, 2013; and (5) for whom Defendant iHeartMedia had no record of express written consent to make such text message calls at the time they were made.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) iHeartMedia, iHeartMedia's subsidiaries, parents, successors, predecessors, and any entity in which the iHeartMedia or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and iHeartMedia's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

      30.    **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, iHeartMedia has made text message calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through iHeartMedia's records.

      31.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

          (a)    whether iHeartMedia's conduct violated the TCPA;

          (b)    whether iHeartMedia made text message calls utilizing an ATDS;

  (c)  whether iHeartMedia systematically sent Advertising Text Message calls to persons who did not previously provide iHeartMedia with prior express consent to receive such text message calls; and

  (d)  whether members of the Class are entitled to treble damages based on the willfulness of iHeartMedia's conduct.

  32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff and the members of the Class sustained damages as a result of iHeartMedia's uniform wrongful conduct during transactions with Plaintiff and the Class.

  33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and she has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to the Class, and iHeartMedia has no defenses unique to Plaintiff.

  34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because iHeartMedia has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. iHeartMedia's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on iHeartMedia's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

  35. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by iHeartMedia's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from iHeartMedia's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. iHeartMedia made unauthorized Advertising Text Message calls to the cellular telephone numbers belonging to Plaintiff and the other members of the Class using equipment that had the capacity to store or product telephone numbers to be called, using a random or sequential number generator, and/or without human intervention.

38. These Advertising Text Message calls were made *en masse* and without the prior express written consent of Plaintiff and the other members of the putative Class.

39. iHeartMedia has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of iHeartMedia's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation.

40. Should the Court determine that iHeartMedia's conduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the putative Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Beth Shvarts, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Beth Shvarts as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that iHeartMedia's actions, as set out above, violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting iHeartMedia from engaging in the wrongful and unlawful acts described herein;

D. An award of actual and statutory damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**BETH SHVARTS**, individually and on behalf of all others similarly situated,

Date: June 3, 2015        By: *s/ Ari Marcus*_____
                              One of Plaintiff's Attorneys

Ari H. Marcus (AM-9086)
ari@marcuslawnj.com

11

MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jeremy M. Glapion*
jmg@glapionlaw.com
THE GLAPION LAW FIRM, LLC
39 Schindler Court
Neptune, New Jersey 07753
Tel: 732.455.9737
Fax: 267.737.0446

**Pro hac vice* admission to be sought.