

David S. Sheiffer
212.915.5318 (direct)
David.Sheiffer@wilsonelser.com

September 4, 2015

**VIA ECF**

Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Beth Shvarts v. iHeartMedia, Inc.*
            Case No.: 15-cv-3231

Dear Judge Amon:

      Pursuant to Rule 3(A) of Your Honor's Individual Motion Practices and Rules, defendant iHeartMedia, Inc. ("iHeart") submits this letter to request a pre-motion conference to obtain leave to move to dismiss the Complaint filed by Plaintiff Beth Shvarts pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and in the alternative, move for a stay of the proceedings. The bases for the anticipated motions are set forth below.

      **1.**    **Plaintiff's Complaint Fails to State an Actionable Claim Under the TCPA.**

      *Shvarts* is a putative class action brought under the Telephone Consumer Protection Act (TCPA). It is axiomatic that the TCPA requires the use of an automated telephone dialing system (ATDS) to state a viable TCPA claim. If a plaintiff cannot plead facts demonstrating that a defendant has used an ATDS in sending a particular text message, then there can be no violation of the TCPA, even if that text message was allegedly sent without proper consent.

      The Federal Communications Commission (FCC), which has been delegated the authority by Congress to promulgate the rules and regulations implementing the TCPA, has consistently defined an ATDS as equipment that operates "without human intervention." Following the FCC's definition of an ATDS, a substantial and steadily increasing number of district courts have recently concluded that if a defendant has sent an alleged text message in response to the affirmative input of a human user, then that defendant cannot have used an ATDS as a matter of law. The common sense approach taken by these courts flows from an inescapable truth, which is that the TCPA was designed to address automated *en masse* text messaging, and not responsive text messages that are dependent upon a human user's affirmative involvement. See, e.g., *McKenna v. WhisperText* 2015 WL 428728 (N.D.Cal. 2015); *Derby v. AOL* 2015 WL 3477658 (N.D. Cal. 2015); *Gragg v. Orange Cab Co.* 995 F.Supp.2d 1189

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

6962162v.1

(W.D.Wash. 2014); *Glauser v. GroupMe, Inc.* 2015 WL 475111 (N.D.Cal. 2015); *Marks v. Crunch San Diego, LLC* 2014 WL 5422976 (S.D. Cal. 2014).

The allegations of the *Shvarts* Complaint conclusively establish that human intervention occurred before any of the alleged text messages were sent by iHeart. As the Complaint admits, listeners first took the affirmative step of texting iHeart before iHeart ever responded. The Complaint acknowledges that iHeart did not initiate the transmission of any of the alleged text messages to any listeners. Accordingly, the Complaint makes it clear that listeners would not have received the alleged text messages from iHeart, but for their affirmative human intervention. Accordingly, there was no ATDS. Because the allegations of the Complaint preclude any TCPA claim as a matter of law, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2. Plaintiff Lacks Article III Standing Because of the Absence of an Actual Injury-in-Fact.

In addition to the foregoing, iHeart anticipates moving for dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The injury-in-fact requirement is the "irreducible constitutional minimum" for standing. *Lujan v. Defenders of Wildlife* 504 U.S. 555, 560 (1992). Alleging a mere violation of a statute does not suffice to establish the requisite injury; because the injury-in-fact requirement "is a hard floor of Article III jurisdiction," it "cannot be removed by statute." *Summers v. Earth Island Inst.* 555 U.S. 488, 497 (2009). Here, Ms. Shvarts lacks Article III standing because she has failed to allege any actual, concrete injury-in-fact above and beyond seeking statutory damages.

### 3. In the Alternative, the Court Should Stay These Proceedings Pending the Supreme Court's Resolution of *Spokeo*.

In the alternative, should the Court not dismiss this action, iHeart intends to move for a stay of litigation pending the Supreme Court's decisions in *Robins v. Spokeo, Inc.*, cert. granted, 135 S. Ct. 1892 (U.S. 2015) (No. 13-1339). *Spokeo* is expected to address threshold issues that substantially and directly impact iHeart's motions to dismiss and that could mandate that such motions be granted. Specifically, *Spokeo* is expected to address whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm by authorizing a private right of action based on a bare violation of a federal statute. Numerous federal courts have stayed similar cases pending the outcome of *Spokeo*.

iHeart respectfully proposes that the motions be briefed and considered pursuant to the proposed schedule: by September 14, 2015 iHeart would file the motions to dismiss the Complaint, or alternatively, stay proceedings; by October 14, 2015, Ms. Shvarts would file any oppositions; and by October 28, 2015, iHeart would file any replies. Depending upon discussions the parties are having that could result in an early mediation, iHeart may request that the Court defer ruling on the motions until the conclusion of any mediation, in order to conserve the Court's time and resources.

We thank the Court for its consideration of this request.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker

David S. Sheiffer

cc.: **VIA ECF & E-MAIL**
Ari H. Marcus, Esq.
MARCUS LAW, LLC
*Attorneys for Plaintiff*
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone:    732.695.3282
Facsimile:      732.298.6256
ari@marcuslawnj.com


Rafey S. Balabanian
Benjamin H. Richman
Courtney C. Booth
EDELSON PC
*Attorneys for Plaintiff*
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone:    312.859.6370
Facsimile:      312.589.6378
rbalabanian@edelson.com
brichman@edelson.com
cbooth@edelson.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
*Attorneys for Plaintiff*
39 Schindler Court
Neptune, New Jersey 07753
Telephone:    732.455.9737
Facsimile:      267.737.0446
jmg@glapionlaw.com