September 11, 2015

<u>V</u><small>IA</small> <u>CM/ECF E</u><small>LECTRONIC</small> <u>F</u><small>ILING</small>

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    <u>*Shvarts v. iHeartMedia, Inc.*, No. 15-cv-3231</u>

Dear Judge Amon:

      Pursuant to Rule 3(A) of Your Honor's Individual Motion Practices and Rules, Plaintiff Beth Shvartz respectfully submits this response to Defendant iHeartMedia, Inc.'s ("iHeart") letter-request for a pre-motion conference (the "Letter"). Plaintiff's positions regarding the bases of iHeart's anticipated Rule 12(b)(1) and 12(b)(6) motion, or in the alternative, motion to stay proceedings, are outlined below.

**I.**    **Plaintiff Sufficiently Alleges that iHeart used an ATDS to Send the Text Messages at Issue.**

      In its letter, iHeart first contends that Plaintiff's TCPA claim must be dismissed because the text messages at issue were sent only in response to listeners' own initial messages to the company. iHeart contends that those initial messages were the sort of "human intervention" in the call-making process that takes the equipment used to send them out of the realm of an "automatic telephone dialing system" ("ATDS"). That argument fails for two reasons.

      First, in its most recent rule-making Order, the FCC made clear that these sorts of one-time texts sent in response to a consumer's original message will only be exempt from TCPA liability if the message:

> (1) is requested by the consumer; (2) is a one-time only message sent *immediately* in response to a specific consumer request; and (3) contains only the information requested by the consumer with no other marketing or advertising information.

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Am. Ass'n of Healthcare Admin. Mgmt. Am. Bankers Ass'n Coal. of Mobile Engagement Providers Consumer Bankers Ass'n Direct Mktg. Ass'n Paul D. S. Edwards Milton H. Fried, Jr., & Richard Evans Glide Talk, Ltd. Global Tel*link Corp. Nat'l Ass'n of Attorneys Gen. Prof'l Ass'n for*, 30 F.C.C. Rcd. 7961, at *37 (2015). iHeart's messages here do not satisfy the first and third requirements. In particular, the messages were not merely responses to Plaintiff's request for information, but rather, were marketing messages that advertised goods and services wholly

Case 1:15-cv-03231-CBA-SMG   Document 23   Filed 09/11/15   Page 2 of 4 PageID #: 112

*Shvarts v. iHeartMedia, Inc.*
Case no. 15-cv-3231
Page 2 of 4

unrelated to the song requests Plaintiff and other listeners originally texted to iHeart. (Compl. ¶¶ 13 – 18.)

Second, accepting the complaint's allegations regarding the equipment used to send the messages as true (as the Court must at this stage of the proceedings), Plaintiff has sufficiently alleged iHeart's use of an ATDS:

> iHeartMedia made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. The system(s) also had the capacity to send text messages to cellular phones without human intervention.

(*Id.* ¶ 21); *see also In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 F.C.C. Rcd. 15391, 15392 n.5 (Nov. 29, 2012) (concluding "that the scope of [the ATDS] definition encompasses hardware that . . . has the capacity to *store or produce* numbers and dial those numbers at random, in sequential order, *or from a database of numbers*."); *see also Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012) (finding facts sufficient to support the use of an ATDS when plaintiff pled that the defendant automatically sent text messages). Nothing more need be pleaded.

## II.     Plaintiff has Article III Standing to Pursue her TCPA Claim.

Next, iHeart contends that Plaintiff lacks Article III standing to pursue her TCPA claim because "[a]lleging a mere violation of a statute does not establish the requisite injury…." (Letter at 2.) That argument fails for two reasons as well.

As an initial matter, Plaintiff alleges that she was injured beyond simply the violation of her statutory rights under the TCPA:

> By making the text message calls at issue in this Complaint, iHeartMedia caused Plaintiff and the other members of the Class *actual harm*, including data usage, device storage usage, payments to their wireless carriers for text message plans, and the aggravation and nuisance that necessarily accompanies the receipt of unauthorized text message calls.

(Compl. ¶ 4 (emphasis added).) Thus, even if violation of a statutory right alone were insufficient to establish Plaintiff's standing, Plaintiff would have standing to sue anyway.

Moreover, courts in the Second Circuit have consistently held that violation of a statutory created right alone is, in fact, sufficient to establish Article III. *See, e.g., Austin-Spearman v. AMC Network Entm't LLC*, No. 14 CIV. 6840 NRB, 2015 WL 1539052, at *5 (S.D.N.Y. Apr. 7, 2015) (holding that, "where a statute creates a specific legal right….deprivation of that right through statutory violation alone suffices for injury warranting standing."); *Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 177 (2d Cir. 2012) (holding that the violation of a statutorily created right is sufficient to confer Article III standing).

*Shvarts v. iHeartMedia, Inc.*
Case no. 15-cv-3231
Page 3 of 4

**III.   A Stay of this Matter Pending a Ruling by the Supreme Court in *Robins v. Spokeo* is Unnecessary.**

Finally, iHeart's alternative request for a stay pending the Supreme Court's anticipated ruling in the *Spokeo* matter is unnecessary and should be denied for similar reasons. Indeed, even if the *Spokeo* court ultimately holds that violation of a statutorily created right alone is not sufficient to confer Article III standing, Plaintiff would still have standing to sue in this case in light of her allegations of actual harm. *See* Section II, *supra*; (Compl. ¶ 4). Because a ruling in *Spokeo* will not ultimately be dispositive of the issues here, no stay is warranted. *See, e.g., Laumann, et al. v. NHL, et al.,* No. 12-cv-1817, 2013 WL 837640, at *2 (S.D.N.Y. Mar. 6, 2013) ("Thus, while [the] Defendants may be correct that a reversal…could ultimately 'drastically reduce [their] liability' by eliminating certain classes of claims against them, they have offered no evidence that their role in the pretrial proceedings scheduled between now and the likely issuance of a decision by the Supreme Court would be significantly impacted by the outcome in *AMEX III*.").

Not surprisingly, several courts to consider such requests have similarly declined to stay proceedings in light of the pendency of *Spokeo*. *See Speer v. Whole Food Mkt. Grp., Inc.*, No. 14-cv-3035, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (denying motion to stay in light of *Spokeo* matter where the "[c]ourt ha[d] no way of divining whether the Supreme Court will decide the *Spokeo* case in such a manner as to benefit the Defendant's position with regard to the Plaintiff's lack of standing to pursue this case for himself and those similarly situated to him."); *Ron Golan et al. v. Veritas Entertainment, LLC, et al.*, No. 14-2484, (8th Cir. June 26, 2015) (same).

*                    *                    *

Thank you for your time and attention in this matter.

Respectfully submitted,

s/ Ari H. Marcus

Ari H. Marcus (AM-9086)
ari@marcuslawnj.com
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

*Shvarts v. iHeartMedia, Inc.*
Case no. 15-cv-3231
Page 4 of 4

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jeremy M. Glapion (*Pro Hac Vice*)
jmg@glapionlaw.com
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, NJ 07719
Tel: 732.455.9737
Fax: 732.709.5150

*derived from *Pro hac vice* admission to be sought