

David S. Sheiffer
212.915.5318 (direct)
David.Sheiffer@wilsonelser.com

September 14, 2015

**VIA ECF**

Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Beth Shvarts v. iHeartMedia, Inc.*
           Case No.: 15-cv-3231

Dear Judge Amon:

      Defendant iHeartMedia, Inc. ("iHeart") respectfully requests permission to file this short reply to Plaintiff's September 11, 2015 response (the "Response") to iHeart's request for leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Response misses the mark in two important respects which iHeart wishes to address here.[1]

      First, the Response does not directly address the "human intervention" defense, which is the primary basis for the anticipated motion. Instead, the Response makes a straw man argument involving the "one-time response" issue discussed in the Federal Communications Commission ("FCC")'s July 10, 2015 Declaratory Ruling and Order on the Telephone Consumer Protection Act. That issue, which iHeart does not intend to assert in its motion, is a consent-based argument.

      In contrast, the issue iHeart *does* intend to advance is that the human intervention admitted in Plaintiff's Complaint precludes iHeart's text messages from being an automated dialing system under the Telephone Consumer Protection Act. Notably, even after the FCC's issuance of the July 10, 2015 Declaratory Ruling and Order cited in the Response, district courts have continued to grant motions to dismiss based upon the simple finding that the allegations in the Complaint have established that the text messages in question were sent with human intervention. See, e.g., *McKenna v. WhisperText*, 2015 WL 5264750 (N.D. Cal. September 9, 2015); *Derby v. AOL*, No. 5:15-CV-00452, Order Granting With Prejudice Motion to Dismiss Amended Complaint (DE 49) (N.D. Cal. September 11, 2015).

      Second, Plaintiff is swimming upstream against a strong tide of authority favoring a stay of litigation pending the Supreme Court's decision in *Robins v. Spokeo*, cert. granted, 135 S. Ct.

---

[1] The third issue, whether Plaintiff has adequately alleged actual harm, was fully addressed in iHeart's request for leave, and will be a relatively straightforward matter to brief.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

2323826v.3



1892 (U.S. 2015) (No. 13-1339). In contrast to the two decisions cited by Plaintiff, a very long and growing list of courts have granted such a stay pending the resolution of *Spokeo*. See, e.g., *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968 (E.D. Cal. July 29, 2015); *Hillson v. Kelly Servs., Inc.*, No. 2:15-CV-10803, 2015 WL 4488493 (E.D. Mich. July 15, 2015); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015); *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015); *Syed v. M-I LLC*, No. 1:14-CV-00742-WBS, 2015 WL 3630310 (E.D. Cal. May 29, 2015); *Williams v. Elephant Ins. Co.*, No. 1:15-CV-00119-GBL, 2015 WL 3631691 (E.D. Va. May 27, 2015); *Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856, (M.D. Pa. Aug. 20, 2015).

We thank the Court for its consideration of this reply.

                                      Respectfully submitted,
                              Wilson Elser Moskowitz Edelman & Dicker

                                      David S. Sheiffer

cc.:   **VIA ECF & E-MAIL**
       Ari H. Marcus, Esq.
       MARCUS LAW, LLC
       *Attorneys for Plaintiff*
       1500 Allaire Avenue, Suite 101
       Ocean, New Jersey 07712
       Telephone:    732.695.3282
       Facsimile:     732.298.6256
       ari@marcuslawnj.com

       Rafey S. Balabanian
       Benjamin H. Richman
       Courtney C. Booth
       EDELSON PC
       *Attorneys for Plaintiff*
       350 North LaSalle Street, Suite 1300
       Chicago, Illinois 60654
       Telephone:    312.859.6370
       Facsimile:     312.589.6378
       rbalabanian@edelson.com
       brichman@edelson.com
       cbooth@edelson.com

       Jeremy M. Glapion
       THE GLAPION LAW FIRM, LLC



*Attorneys for Plaintiff*
39 Schindler Court
Neptune, New Jersey 07753
Telephone:   732.455.9737
Facsimile:    267.737.0446
jmg@glapionlaw.com